UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PERCY LAVAE BACON,

       Plaintiff,

  v.

ROBERT B. BANNISTER, *et al.*,

       Defendants.

2:15-CV-01611-JCM-NJK

SCREENING ORDER

**I.   DISCUSSION**

Plaintiff is a prisoner proceeding *pro se*. Plaintiff has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983, a motion to proceed *in forma pauperis*, a motion for the appointment of counsel, and a motion to extend prison inmate copy work limit. (ECF No. 5, 4, 2, 3). However, on at least three (3) occasions, the court has dismissed civil actions commenced by plaintiff while in detention as frivolous or for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] *See Bacon v. Webster*, 2:05-cv-01267-PMP-GWF; *Bacon v. Laswell*, 2:09-cv-02058-PMP-PAL; *Bacon v. State of Nevada*, 2:10-cv-01451-KJD-LRL.

In his complaint, plaintiff alleges that prison officials failed to provide him with cataract surgery when it was first recommended in 2011 and again in 2012. (*See generally* ECF No. 5 at 3). Due to the cataract in his right eye, plaintiff alleges he has lost vision in that eye, suffers from cluster headaches, and knocked his front teeth out when he fell due to loss of vision. (*Id*.). In 2014, defendants approved plaintiff's cataract surgery, but plaintiff declined because the "dangers are too great due to newly developed health problems." (*Id*. at 5). Plaintiff seeks monetary damages for the pain and suffering he has endured because defendants did not approve the surgery when it was first recommended in 2011. (*Id*. at 11). The court finds that these allegations fail to plausibly allege that plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). To the extent that plaintiff is alleging that due to his cataract he is imminent danger of serious physical injury, plaintiff is not seeking any injunctive relief in the form of medical treatment for the cataract in his right eye. He is only seeking monetary relief. Plaintiff has been offered cataract surgery and declined it. The court finds that plaintiff is not in imminent danger of serious physical injury pursuant to the allegations in his complaint. As such, plaintiff must pre-pay the $400.00 filing fee in full.

**II.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is DENIED.

IT IS FURTHER ORDERED that this action will be DISMISSED without prejudice unless plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order.

IT IS FURTHER ORDERED that the clerk of the court shall send plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

IT IS FURTHER ORDERED that a decision on plaintiff's motion for the appointment of counsel (ECF No. 2) and motion to extend prison inmate copy work limit (ECF No. 3) shall be

1 | DEFERRED until the matter of the filing fee is resolved.

3 | DATED: January 29, 2016.

_____
UNITED STATES DISTRICT JUDGE